Murray T. Koven
**KOVEN & KRAUSZ**
358 Fifth Avenue, Suite 301
New York, New York 10001
(212) 736-7432

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARTIN CENSOR

                               Plaintiff                       CV 11 0571
       -against-

ASC TECHNOLOGIES OF CONNECTICUT, LLC.,      AFFIDAVIT OF MARTIN
LILLIAN SHAPIRO, THOMAS CECONI, HR 360,      CENSOR IN OPPOSITION
INC. and JOHN DOES and JANE DOES "1" through   TO APPLICATION OF
"5," plaintiff's intention being to include all individuals  MICHAEL J. CICERO FOR
and entities who may be associated with or financially   ADMISSION PRO HAC VICE
interested, directly or indirectly, in the business of, or
sale of, the business of ASC TECHNOLOGIES OF
CONNECTICUT, LLC and/or BENEFITS ESSENTIALS
and/or any entity bearing the ASC name,

                            Defendants
-----------------------------------------------------------X

STATE OF NEW YORK    )
                             : SS.:
COUNTY OF QUEENS    )

       MARTIN CENSOR, being duly sworn, deposes and says:

1. I am the plaintiff in this action and I make this affidavit in opposition to thes application for the admission, *pro hac vice*, of Michael J Cicero, as counsel to the Answering Defendants, or to any attorney associated, directly or indirectly with the law firm of Perry, Krumsiek & Jack, LLP. The Joint Venture Agreement decisively states that the purpose of the Joint Venture is to develop and market Benefits Essentials. ASC Technologies of Connecticut, LLC ("ASC") was responsible for marketing and technology, namely, site development, maintenance and "hosting

1

the site" on its servers, and Censor was responsible for updating the content of Benefits Essentials. Kenneth Sprang ("Sprang"), now one of the founding partners of the law firm of Perry Krumsiek & Jack, LLC, was in 2005 hired by me for Benefits Essentials. He was provided with confidential information as to updating the content, and over the years of 2005 to date has derived further confidential information as to Benefits Essentials by working directly with subscribers and with Lillian Shapiro and Thomas Ceconi, the members of ASC.

2. Michael J. Cicero is a partner in the Washington, D.C. firm of Perry, Krumsiek & Jack, LLP. In his affidavit in support of the motion, he maintains that he is "principal counsel to defendants, ASC Technologies, Lillian Shapiro, Thomas Ceconi and HR 360, Inc." What he omits is that his firm, through its partner, Sprang, has a relationship with me and with ASC, Lillian Shapiro and Thomas Ceconi, which began in 2005 and which, for reasons which follow, should disqualify any member of that firm from appearing as counsel to ASC, Lillian Shapiro and Thomas Ceconi, and ASC's successor, HR 360, Inc.

3. As pleaded in the Complaint, the relief sought by Plaintiff involves the operation of a Joint Venture between ASC and me pursuant to a written Joint Venture Agreement whose sole business purpose is stated in the Agreement as follows:

> "The business of the Joint Venture shall be as follows: To develop and market the website known as Benefits Essentials (www.BenefitsEssentials.com)."

4. As further set forth in the Joint Venture Agreement:

"Martin Censor is primarily responsible for updating the content.

"ASC is primarily responsible for marketing and technology (i.e., site development and maintenance.)"

5. My responsibility for content included providing responses to questions subscribers to Benefits Essentials raised from time to time. Sprang was a consultant to Benefits Essentials. His arrangement with me commencing in 2005 was to review the site in question and assist with my fundamental responsibility to contribute articles and editorial content. The customers and subscribers were principally in New York and California, where the greater number of insurance professionals are located. The State of Connecticut is not in the top 10 of such businesses and subscribers amongst the 50 states of the United States. This is a principal issue herein, and Sprang will be a witness. Sprang is thus knowledgeable as to confidential information of Benefits Essentials and the Joint Venture, which goes to the heart of the issues in this litigation and my work.

6. As a consultant on editorial content, the essence of my obligations is updating the site. Sprang was given some responsibility to answer questions of the subscribers with whom he spoke, for which he charged $75.00 per hour. It is contended by Thomas Ceconi and Lillian Shapiro that I was not doing my job. Sprang will therefore be a witness as to communications with Thomas Ceconi and Lillian Shapiro as to my work. His arrangement commencing in 2005 was that his normal consulting fee, as an attorney, was $250.00 per hour but would charge Benefits Essentials $75.00 per hour because he was hopeful of soliciting clients in New York and other major business sources for his law practice. Both Sprang and I are attorneys. Over the years, 2005 to date, Sprang sought to derive more work and more income from Benefits Essentials and derive confidential information about the Joint Venture Agreement. This impacted on my status as a joint venturer in Benefits Essentials. Sprang sought more cooperation from Thomas Ceconi and Lillian Shapiro than he did from me to implement his objective of becoming more involved in updating the site, speaking with subscribers and

soliciting clients for his law practice. This frequently involved New York subscribers. It is therefore likely that Thomas Ceconi, Lillian Shapiro, ASC and HR 300, Inc. have been advised by Sprang as to how to methodically remove me from the Joint Venture and give him more responsibility and more remuneration, leading ultimately, possibly through the HR 360 entity, to a similar partnership or shareholder or royalty arrangement once I am totally out of the picture.

7.  Sprang did a "Webinar" with me on COBRA issues. Thereafter, ASC, Thomas Ceconi and Lillian Shapiro began giving Sprang more customer subscriber communication responsibilities which effectively began "greasing the skids" to oust me. Sprang, thus more actively and more frequently, solicited cases where additional counsel or litigation was required, and increased the frequency of his communication with Thomas Ceconi and Lillian Shapiro, and his knowledge of the Joint Venture Agreement.

8.  Sprang continues in that capacity. In his biography (http://thelaborlawyer.wordpress.com/about/). Sprang notes that he "serves as a contributing editor and consultant to HR Benefits Essentials."

9.  As an attorney, I am aware of the circumstances under which a U.S. District Court directs disqualification of counsel. I respectfully submit that the classic case was decided by this very Court disqualifying Bruce Cutler Esq. as counsel for John Gotti, in a highly publicized matter which resulted in John Gotti's imprisonment. Mr. Cutler was a consultant to the operations of John Gotti's business, a claim by the U.S. Attorney which Mr. Cutler denied. The Court was persuaded that such consultation role mandates disqualification. This Court should take judicial notice of this decision.

10. Similarly, Decora Incorporated v. DW Wallcovering Inc., David Weinberg and DW Gracious Home, 901 F.Supp.161, N.Y. Southern District, 1995, Judge Koeth, disqualified

4

an attorney who had obtained confidential information in a patent infringement case. Judge Koeth disqualified the attorney and the law firm with which he was now associated.

WHEREFORE, it is respectfully requested that the motion of Stamell & Schager, LLP "to admit counsel pro hac vice" on behalf of Michael J. Cicero, an associate of Perry, Krumsiek & Jack, LLP, be denied, and for such other and further relief for the benefit of Plaintiff.

State of New York.
County of Queens

Sworn to before me this

10th day of March, 2011

_____
Notary Public

_____
MARTIN CENSOR

STUART POMPER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PO8405950
Qualified in New York County
Certificate Filed in Queens & Nassau County
My Commission Expires July 31, 2014

Litigation\Censor v ASC -Aff of Martin Censor (Rev 3-10-11)